## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Scott Lewis | ) | |
| | ) | |
| On Behalf of Himself and | ) | Case No. <u>13-cv-2610</u> |
| All Others Similarly Situated, | ) | |
| | ) | |
|     Plaintiff; | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bushwood Investments, LLC. | ) | **Jury Demanded** |
| [Registered Agent: | ) | |
| Trent McKenzie | ) | |
| 1223 North Rock Road Bldg B | ) | |
| Wichita, Kansas 67206] | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Scott Lewis, individually and on behalf of all similarly situated delivery drivers, by and through counsel, and hereby sets forth his collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA, and his class action under Fed. R. Civ. P. 23 for violations of the Kansas Wage Payment Act ("KWPA"), and state as follows:

## PRELIMINARY STATEMENT

1.       Defendant Bushwood Investments, LLC ("Defendant") operates more than 30 Jimmy John's Gourmet Sandwich restaurants in the United States. Defendant's restaurants currently employ approximately 300 delivery drivers who use their own automobiles to deliver sandwiches and other food items to customers.  Instead of compensating delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates. These rates underestimate the number of miles driven

by delivery drivers and provide an unreasonably low rate beneath any reasonable approximation of the expenses drivers incur. Delivery drivers' unreimbursed expenses cause their wages to fall below the federal wage laws during some of all workweeks.

2.      Plaintiff Scott Lewis, and all other similarly situated delivery drivers, work or previously worked as delivery drivers at Jimmy John's restaurants owned by Defendant.  This lawsuit is brought as (a) a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq*, to recover unpaid minimum wages on behalf of delivery drivers in Kansas.

## PARTIES

3.      Defendant is a limited liability corporation ("LLC") registered in the State of Kansas.  Defendant does business in Lawrence, Manhattan, and Wichita, Kansas; and has its corporate headquarters in Wichita, Kansas.  Defendant also does business in Austin, Dallas-Fort Worth, Lubbock, and College Station, Texas.

4.      Plaintiff Scott Lewis ("Lewis" or "Plaintiff Lewis") is a resident of the State of Kansas and resides in Wichita, Sedgwick County, Kansas.

5.      Plaintiff Lewis has been employed by Defendant from August 2013 through the present as a delivery driver at two of Defendant's stores located in Wichita, Kansas.  Plaintiff Lewis's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached as Exhibit **A** to this Complaint.

6.      Plaintiff Lewis and all other similarly situated persons have been employed by Defendant within three years of the filing of this action.

## JURISDICITON AND VENUE

7.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  This court has federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under the FLSA, 29 U.S.C. § 201, *et seq*.

8.     The KWPA authorizes court action by private parties to recover damages for violation of the minimum wage provisions of the state laws.  This Court also has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

9.     Venue in this district is proper under 28 U.S.C. § 1391(b), in as much as the Defendant has its headquarters and offices in the District of Kansas, conducts business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of Kansas.

## GENERAL ALLEGATIONS

**Defendant's Business**

10.     Defendant operates over thirty (30) Jimmy John's Gourmet Sandwich restaurants in Kansas and Texas.

11.     Defendant operates restaurants in Manhattan, Wichita, and Lawrence, Kansas.

12.     Defendant operates restaurants in Austin, Dallas-Fort Worth, Lubbock, and College Station, Texas.

13.     The primary function of Defendant's restaurants is to sell sandwiches to customers, whether they eat at the restaurant, carry out the food, or have it delivered.

14.     Defendant's restaurants employ delivery drivers who all have the same primary job duty: to deliver sandwiches and other food items to customers' homes and workplaces.

**Defendant's Flawed Reimbursement Policy**

15.    Defendant requires their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering sandwiches and other food items.

16.    Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, depreciation, and cell phone use ("automobile expenses") while delivering sandwiches for the primary benefit of the Defendant.

17.    Defendant requires all delivery drivers to sign documents attesting to their full automobile insurance coverage as a requisite to driving for Defendant.  However, Defendant does not take any additional steps to ensure that each delivery driver is fully insured.

18.    Defendant does not reimburse delivery drivers for their automobile insurance or for any costs associated with accidents and insurance claims occurring while delivery drivers were driving for the sole benefit of the Defendant.

19.    Defendant does not provide delivery drivers with GPS or mobile phones to enable accurate and efficient deliveries.  Therefore, many delivery drivers use their personal mobile phones to access GPS systems or to make phone calls to Defendant's store or customers.

20.    Defendant does not reimburse delivery drivers for the use of their personal mobile phones for the direct and sole benefit of the Defendant.

21.    Defendant's delivery driver reimbursement policy applies to Plaintiff and all of Defendant's delivery drivers.

22.    Defendant does not disclose to their delivery driver employees the reimbursement formula used to reimburse drivers for their automobile expenses.  Defendant thus prevents employees from understanding how they calculate reimbursement rates.

4

23.     Defendant requires all employees to receive their payments through either an auto-debit to their personal bank account or through a payroll card issued from InTrust Bank.

24.     Employees who receive payments through the payroll card do not receive a pay stub or any documents with details of their hours, reimbursement, or withholdings. The only way for an employee to access this information is to make a request to one of their managers for a printout.  Defendant thus prevents employees from understanding how they calculate payment and reimbursement rates.

25.     Defendant does have a computer system that allows it to keep track of the number of deliveries and the location of each delivery made.

26.     Despite the relative ease of tracking actual miles driven by its drivers, Defendant does not do so.  Instead, Defendant reimburses delivery drivers using a set amount for each delivery, regardless of length.  This method underestimates not only the automobile expenses per mile incurred by Defendant's delivery drivers, but also the number of miles driven by delivery drivers, thereby causing drivers to receive a lower reimbursement rate than any reasonable approximation of the actual expenses of the drivers.

27.     When a delivery driver must return to a delivery location to correct a problematic delivery, these trips are not entered into the Defendant's computer system.  Therefore, in such instances, delivery drivers are required to make two trips to one location and are only reimbursed as though they made one trip.

28.     When a delivery order is voided by the store, the transaction no longer appears in the Defendant's computer system.  Therefore, the delivery driver is not reimbursed for that trip.

29.     The net result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than the reasonably approximated automobile expenses of Defendant's delivery drivers.

30.     During the applicable limitation period, the IRS business mileage reimbursement rate ranged between $0.500 and $0.565 per mile.  Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $0.45 and $0.55 per mile during the same period.  These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering sandwiches.

31.     The average cost of owning and operating a vehicle, as described above, is determined using the average "driver" and not the average "delivery driver." The nature of delivery driving includes frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.  "Delivery drivers," such as Defendant's delivery drivers, experience lower gas mileage, more frequent vehicle maintenance, and higher repair costs than those contemplated for the average "driver."

32.     Defendant's reimbursement policy does not reimburse delivery drivers for even their out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

33.     In sum, Defendant's reimbursement policy and methodology fails to reflect the realities of delivery drivers' automobile expenses.

34.     Defendant fails to reasonably approximate its delivery amount of their drivers' automobile expenses to such an extent that their net wages are diminished beneath the federal minimum wage requirements.

**Defendant's Failure to Reimburse Automobile Expenses Causes Minimum Wage Violations**

35.     Regardless of the precise amount of the per-delivery reimbursement, Defendant's reimbursement formula resulted in an unreasonable underestimation of delivery drivers' automobile expenses, causing systematic violations of the federal minimum wage requirements.

36.     Plaintiff Lewis was paid $7.25 per hour from August 2013 through the present. During that time period, the minimum wage was $7.25 per hour.

37.     Plaintiff Lewis drove a 1994 Mercury Grand Marquis while delivering sandwiches for Defendant.

38.     During Plaintiff Lewis's employment by Defendant, the per delivery reimbursement rate at the locations where Lewis worked was $0.25 per delivery.

39.     During his employment by Defendant, Plaintiff Lewis has averaged approximately 3 deliveries per hour.

40.     During this period, Defendant's average hourly reimbursement rate for Plaintiff Lewis was approximately $0.75 per hour. This average hourly reimbursement rate is a grossly deficient approximation of Plaintiff's actual expenses.

41.     Through his employment with Defendant, Plaintiff Lewis experienced an average delivery distance of approximately 4 miles.

42.     During this time period, Defendant's average effective reimbursement rate for Plaintiff Lewis was approximately $0.062 per mile ($0.25 per delivery / 4 miles per delivery).

43.     During this same time period, the IRS business mileage reimbursement rate was $0.565 per mile, which was a reasonable approximation of the average automobile expenses. Using the IRS rate as a reasonable approximation of Plaintiff Lewis's automobile expenses, every mile driven on the job decreased Lewis's net wages by approximately $0.503 per mile ($0.565 - $0.062), or approximately $2.002 per delivery ($0.503 x 4 miles).

44.     Defendant did not ask Plaintiff Lewis to track his actual automobile expenses, nor is Plaintiff Lewis an expert in the field of calculating the cost of automobile usage.  However, Lewis's actual automobile expenses were at the very least $0.40 per mile during his employment. Using even this conservative estimate of Lewis's actual expenses, as opposed to the higher IRS rate of $0.585, every mile driven on the job decreased his net wages by at least $0.338 ($0.40 - $0.062), or $1.352 per delivery ($0.338 x 4).

45.     Without an average of 3 deliveries per hour, Plaintiff Lewis averaged between $6.036 per hour worked ($2.002 per delivery x 3 deliveries per hour) and $4.056 per hour worked ($1.352 per delivery x 3 deliveries per hour).

46.     Due to Defendant's gross under-reimbursement of Plaintiff's expenses, Defendant compensated Plaintiff Lewis with an effective wage rate between $1.214 per hour ($7.25 per hour wage - $6.036 expenses) and $3.194 per hour ($7.25 per hour wage - $4.056 expenses), which is substantially less than the applicable federal minimum wage of $7.25 per hour.

47.     All of Defendant's delivery drivers have similar experiences to those of Plaintiff Lewis.  They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid hourly wages at or very near the applicable federal minimum wage rate.

8

48.     Defendant has not relied on any tip credit to satisfy federal minimum wage requirements.

49.     All of Defendant's other delivery drivers were reimbursed for automobile expenses at substantially similar reimbursement rates, as promulgated under Defendant's delivery driver reimbursement policy.

50.     Because Defendant provided its drivers an hourly wage at or very close to the applicable hourly federal minimum wage rate, the delivery drivers "kicked back" to Defendant's expenses sufficient to cause minimum wage violations and Defendant provided its delivery drivers net wages far below the federal minimum wage in some or all workweeks.

51.     Based on the allegations set forth above, Defendant's average under-reimbursement of automobile expenses over the prior three years has exceeded the difference between hourly wages during part or all of the limitations period, thereby resulting in company-wide minimum wage violations.

52.     The net effect of Defendant's flawed reimbursement policy, instituted and approved by company management, is that they willfully failed to pay the federal minimum wage to their delivery drivers.

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION

53.     Plaintiff Lewis brings the FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

54.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

55.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal

minimum wage.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action.

56.     Plaintiff Lewis and all of Defendant's delivery drivers are similarly situated in that:

a.   They worked as delivery drivers for Defendant, delivering sandwiches and other food items;

b.   They delivered sandwiches and food items using automobiles not owned or maintained by the Defendant;

c.   Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition to use in delivering Defendant's sandwiches and other food items;

d.   They incurred costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, depreciation, and mobile phone expenses ("automobile expenses") while delivering sandwiches and food items for the primary benefit of Defendant;

e.   They were subject to the same or similar pay policies and practices of Defendant;

f.   They were subject to the same delivery driver reimbursement policy—which underestimates both automobile expenses per mile and miles per delivery—and thereby systematically deprived them of reasonably approximate reimbursements, resulting in their wages falling below the federal minimum wage in some or all workweeks;

g. They were reimbursed a set amount of automobile expenses per delivery, at $0.25 a delivery;

h. They were paid an hourly wage equal to the federal minimum wage.

### KANSAS WAGE PAYMENT ACT CLASS ACTION

57. Plaintiff Lewis brings the KWPA claim as a class action under Fed. R. Civ. P. 23, on behalf of himself and a Class defined as:

> All current and former delivery drivers employed in the State of Kansas by Defendant during the applicable statute of limitations.

58. The KWPA claim is brought on behalf of all similarly situated persons who do not opt-out of the Class.

59. The KWPA claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Federal Rule of Civil Procedure 23.

60. The Class consists of hundreds of persons who are geographically dispersed throughout Wichita, Lawrence, and Manhattan, Kansas. As a result, the Class is numerous and joinder of all class members in a single action is impracticable.

61. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, whether Defendant failed to reasonably approximate the pay and automobile expenses for delivery driver employees, and whether Defendant failed to pay class members the minimum wage required by the FLSA. The minimum wage rate set by the FLSA constitutes "wages due" under the KWPA.

62. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

11

economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

63.     Plaintiff Lewis's claims are typical of those of the Class in that Plaintiff Lewis and the Class members:

a.   They worked as delivery drivers for Defendant, delivering sandwiches and other food items;

b.   They delivered sandwiches and food items using automobiles not owned or maintained by the Defendant;

c.   Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition to use in delivering Defendant's sandwiches and other food items;

d.   They incurred costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, depreciation, and mobile phone expenses ("automobile expenses") while delivering sandwiches and food items for the primary benefit of Defendant;

e.   They were subject to the same pay policies and practices of Defendant;

f.   They were subject to the same delivery driver reimbursement policy—which underestimates both automobile expenses per mile and miles per delivery—and thereby systematically deprived them of reasonably approximate reimbursements, resulting in their wages falling below the federal minimum wage in some or all workweeks;

g.   They were reimbursed a set amount of automobile expenses per delivery, at $0.25 a delivery;

> h.   They were paid an hourly wage equal to the federal minimum wage; and
>
> i.   Experienced that under-reimbursements for automobile expenses reduced net wages below the FLSA minimum wage rate.

64.   A class action is the appropriate method for the fair and efficient adjudication of the state law claims.  Defendant has acted or refused to act on grounds generally applicable to the Class.   The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of Class members to protect their interests.

65.   Plaintiff Lewis is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the Class members he seeks to represent.  The interests of the Class members will be fairly and adequately protected by Plaintiff Lewis and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

66.   Maintenance of this action as a class action is a fair and efficient method of adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. First, the class numbers in the hundreds, which is too numerous for judicial efficiency.  Second, individual claims for delivery drivers who have been employed for short durations of time may be small.  A delivery driver who has only been employed for six (6) months may only be entitled to recover between $2,433.60 and $5,070.24.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

67.   Plaintiff reasserts and re-alleges the allegations set forth above.

68.   At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

69.   The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

70.   Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

71.   Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

72.   Defendant is not allowed to avail itself of, or rely on, the federal tipped minimum wage rate under the FLSA nor did Defendant attempt to avail itself of, or rely on, the federal tipped minimum wage rate before that time.

73.   As alleged herein, Defendant has and continues to uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the FLSA's minimum wage provisions.

74.   Defendant knew or should have known that their reimbursement policy and methodology failed to compensate delivery drivers at the federal minimum wage.

75.   Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

76.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

77.     Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's restaurants.

78.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

79.     Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at applicable legal rate.

80.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II: VIOLATION OF THE KANSAS WAGE PAYMENT ACT

81.    Plaintiff Lewis reasserts and re-alleges the allegations set forth above.

82.    Plaintiff Lewis brings Count II on behalf of a Class of all current and former delivery drivers employed by Defendant during the applicable limitations period in the State of Kansas.

83.    Defendant's failure to pay its delivery drivers the federal minimum wage necessarily caused a corresponding violation of the Kansas state minimum wage laws.

84.    At all times relevant, Plaintiff Lewis and members of the Class have been entitled to the rights, protections, and benefits provided under Kansas laws.

85.    At all relevant times, Defendant has been an "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

86.    At all relevant times, Defendant has employed, and continues to employ, "employees" within the meaning of the KWPA § 44-313(b), including the Plaintiff and all other similarly situated delivery drivers in Kansas.

87.    At all relevant times, Defendant has had a policy and practice of failing to pay its hourly delivery driver employees for work performed by failing to pay such employees all "wages due" in violation of the KWPA, K.S.A. § 44-314.

88.     For purposes of the KWPA, such wages were due pursuant to the FLSA and its implementing regulations by the United States Department of Labor.

89.     Defendant's failure to pay Plaintiff, and all other class members, "wages due" has constituted a willful violation of the KWPA, K.S.A. 44-314(b), because such failure to pay wages due benefited Defendant and caused a direct detriment to Plaintiff, and all others similarly situated.

90.     Defendant knew or should have known that it failed to pay their delivery drivers a reasonable approximation of their automobile expenses, and that Defendant systematically failed to pay the minimum wages required by the FLSA and thereby failed to pay waged due under the KWPA.

91.     Plaintiff Lewis and the Class are victims of a uniform and employer-based reimbursement policy regarding automobile expenses. This uniform policy, in violation of the KWPA, has been applied to all Class members in Defendant's stores in Kansas.

92.     Plaintiff Lewis and the Class are entitled to an award a pentaly, pre-judgment and post-judgment interest at the applicable legal rate, and any other remedy permitted under the KWPA pursuant to K.S.A. § 44-315(b)

93.     Defendant is liable for Plaintiff's attorneys' fees and costs incurred in this action under the KWPA.

WHEREFORE, on Count II of this Complaint, Plaintiff Lewis and the Class demand judgment against Defendant and pray for: (1) unpaid minimum wages; (2) liquidated damages; (3) pre-judgment and post judgment interest; (4) attorneys' fees and costs of litigation; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.


## DESIGNATED PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial on this matter.



Respectfully submitted,


*s/ Mark A. Kistler*

Mark A. Kistler        KS  #17171
Michael F. Brady      KS #18630
**Brady & Associates**
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
mkistler@mbradylaw.com
brady@mbradylaw.com
**ATTORNEYS FOR PLAINTIFF**