**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SCOTT LEWIS** and | ) | |
| **GRANT FERGUS,** *on behalf of* | ) | |
| *themselves and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 13-2610-JAR-JPO |
| | ) | |
| vs. | ) | |
| | ) | |
| **BUSHWOOD INVESTMENTS, LLC,** | ) | |
| **BUSHWOOD OF** | ) | |
| **FORT WORTH, LLC,** | ) | |
| and | ) | |
| **BUSHWOOD VENTURES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Scott Lewis and Grant Fergus (the "Named Plaintiffs"), individually and on behalf of all opt-in plaintiffs (collectively, the "Opt-In Plaintiffs") bring this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendants Bushwood Investments, LLC, Bushwood of Fort Worth, LLC, and Bushwood Ventures, LLC (collectively "Bushwood" or "Defendants") claiming violations of the FLSA's minimum wage requirements. Specifically, Plaintiffs allege that Defendants, who operate more than thirty Jimmy John's Gourmet Sandwich restaurants in Kansas and Texas, failed to provide reasonable reimbursement expenses to its delivery drivers, which caused the drivers' wages to fall below the federal minimum wage during some or all work weeks. Named Plaintiffs, who are delivery drivers employed by Defendants who use their own automobiles to deliver sandwiches and other food items to Defendants' customers, contend that Bushwood used a flawed method to reimburse its drivers that provided a

set amount of $.25 per delivery, regardless of the length of the delivery, and this under-reimbursement of Plaintiffs' expenses caused their hourly wage to fall short of the applicable federal minimum wage of $7.25 per hour. The Court entered an order granting the Parties' Joint Stipulation to conditionally certify a collective action in this case, and since that time, 202 other plaintiffs have opted into the class (the "Class" or "Class Member"). This matter is before the Court on the Parties' Joint Motion and Memorandum for Approval of FLSA Collective Action Settlement (Doc. 53) and Unopposed Sealed Motion and Memorandum for Approval of Attorneys' Fees and Costs (Doc. 55). For the reasons stated below, the Court grants the parties' motions for approval of settlement and for attorneys' fees.

## I.   Background

Plaintiff Scott Lewis filed this collective action on November 27, 2013, under § 216(b) of the FLSA and under Fed. R. Civ. P. 23 for violations of the Kansas Wage Payment Act ("KWPA"); Plaintiff Grant Fergus joined as a Named Plaintiff on December 18, 2013. Bushwood moved to dismiss the KWPA claims. While that motion was pending, the Parties agreed to a stipulation wherein Defendants would withdraw the motion and consent to conditional certification of the FLSA class and authorize notice to be sent to delivery drivers, and Plaintiffs would file an amended complaint that adds Defendants Bushwood Fort Worth, LLC and Bushwood Ventures, LLC and omits their KWPA claims (Doc. 25). The Court entered an order granting the Parties' Joint Stipulation to Consolidated Certification and Issuance of Notice on September 18, 2014 (Doc. 28). Notice was mailed to all potential class members and 202 people opted into the class. The parties engaged in mediation and on March 20, 2015, asked the Court to approve their settlement agreement, and have attached that agreement under seal to

their motion for the Court's review. Plaintiffs also filed under seal an unopposed motion for attorneys' fees.

## II.     Discussion

A settlement of claims under the FLSA must be presented to the Court for review and a determination of whether the settlement is fair and reasonable.[1] In order to approve the settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[2] And the settlement agreement must contain an award of reasonable attorneys' fees.[3] Finally, before the putative class claims can be dismissed, the Court must determine whether the class representative "has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members."[4]

### A.     Bona Fide Dispute

The settlement of the instant action involves a bona fide dispute. Named Plaintiffs alleged that Bushwood violated the FLSA by not reimbursing its delivery drivers for the reasonably anticipated expenses associated with the use of their personal vehicles causing the drivers' wages to fall below the federal minimum wage during some or all work weeks. Bushwood denied the Named Plaintiffs' claims and continues to deny any liability whatsoever

---

[1] *See, e.g.*, *Peterson v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[2] *Id.* (citations omitted).

[3] *Id.*; *see* 29 U.S.C. § 216(b).

[4] *Peterson*, 2011 WL 3793963, at *4.

3

associated with such claims.  If Plaintiffs' allegations were ultimately correct, Defendants would be faced with the prospect of a monetary verdict in favor of Plaintiffs, as well as an obligation to pay legal fees and costs incurred by Plaintiffs in addition to their own.  If Defendants' arguments were correct, then Plaintiffs would face no recovery of any kind.  Based on these representations, the Court finds that the litigation involves a bona fide dispute.

### B. Fair and Reasonable

The Court finds that the settlement proposed by the parties is fair and reasonable. Serious questions of fact and law exist with respect to the appropriate reimbursement rate that place the ultimate outcome of the litigation in doubt.  The proposed settlement will pay each collective class member a pro rata share out of the total settlement amount based upon the total number of vehicle deliveries made by each Class Member, the average miles per delivery as calculated for the store from which the delivery was taken, the wages paid to each Class Member during the applicable class period, and the reimbursements paid to each Class Member during the applicable class period.   Given these financial terms, the Court agrees with the parties that the amount payable to Plaintiffs is fair and reasonable.

### C. Enhancement Payment

The Named Plaintiffs, Scott Lewis and Grant Fergus, will receive a Service Award under the settlement agreement in the amount of $2000.00 each.  The Court finds that this is a reasonable enhancement payment, given the length of the case and the effort expended.

### D. Attorneys' Fees

Plaintiffs seek unopposed attorneys' fees and expenses in the amount of $73,000.00. This request is in line with the settlement agreement, which provides that Plaintiffs agree that the

settlement amount fully compensates them and their attorneys.  In their motion, Plaintiffs set forth the factors Kansas courts use to determine the reasonableness of attorney fee requests,[5] which are in line with the factors announced in *Johnson v. Georgia Highway Express, Inc.*,[6] that are often applied to fee requests on federal claims.  For substantially the same reasons set forth in Plaintiffs' motion, which is supported by the billing records and counsel's affidavit,[7] the Court finds that $73,000.00 is reasonable.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Joint Motion for Approval of FLSA Collective Action Settlement (Doc. 53) and Plaintiffs' Unopposed Motion for Approval of Attorneys Fees and Costs (Doc. 55) is **granted**.  The parties shall file a Joint Stipulation of Dismissal.

**IT IS SO ORDERED**.

Dated: April 2, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[5] Kan. S. Ct. Rule 226, KRPC 1.5(a); *see Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135 (Kan. 2006).

[6] 488 F.2d 714 (5th Cir. 1974).

[7] Doc. 55, Exs. B-G.  The Court finds significant the reduction in time requested compared to time actually spent by counsel on this case.